IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
GARY ERVIN,                           No.  CIV.S-05-0701 MCE DAD PS

         Plaintiff,

    v.                                FINDINGS AND RECOMMENDATIONS

FARMERS INSURANCE EXCHANGE,
et al.,

         Defendants.
_____/
```

This matter came before the court on October 14, 2005, for hearing on defendant Farmers Insurance Exchange's ("Farmers") motion to set aside entry of default pursuant to Federal Rule of Civil Procedure 55(c). Plaintiff, proceeding pro se, appeared on his own behalf. David B. Owen appeared on behalf of defendant Farmers.

Following a June 17, 2005, hearing, this matter also was submitted for decision on defendants Robert Brannen, James S. McWhorter and Deborah Correll's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff appeared on his own

1

1 behalf at that hearing.  Mr. Owen appeared on behalf of the moving
2 defendants.  There was no appearance on behalf of defendant Farmers,
3 Farmers maintaining at that time, as it does now, that it had not
4 been served with process.

5 　　　　　Having considered all written materials filed in connection
6 with the motions before this court, and after hearing oral argument,
7 the undersigned will recommend that defendant Farmers' motion to set
8 aside entry of default be granted and that the motion to dismiss be
9 granted as to all defendants.[1]

**I.   MOTION TO SET ASIDE ENTRY OF DEFAULT**

A.   Applicable Legal Standards

　　　　　Federal Rule of Civil Procedure 55(c) governs the setting aside of an entry of default and states, in relevant part: "For good cause shown the court may set aside an entry of default ...."  The Ninth Circuit has indicated that a district court's discretion is "especially broad where ... it is entry of default that is being set aside, rather than a default judgment."  Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945 (9th Cir. 1986)(citation omitted).  See also Brady v. United States, 211 F.3d 499, 504 (9th Cir. 2000).  "A decision on a motion to set aside a default is not an abuse of discretion unless the court is 'clearly wrong' in its determination of good cause."  Mendoza, 783 F.2d at 945 (citation omitted).  "Where

---

[1] Following the hearing on defendants' motion to dismiss, plaintiff filed a request that the court convert defendants' motion to dismiss to a motion for summary judgment.  That request is denied as unnecessary.  In light of the recommendations herein, plaintiff's additional request that the undersigned "appoint himself Settlement Judge" also is denied as unnecessary.

2

timely relief is sought from a default ... and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits." Id. at 945-46 (internal quotations, citations and brackets omitted).  See also O'Connor v. State of Nevada, 27 F.3d 357, 364 (9th Cir. 1994).

### B. Analysis

Farmers argues that the entry of default should be set aside because it has never been served with a summons along with plaintiff's complaint.  Plaintiff maintains that service of process has been properly effected.  While the parties have submitted conflicting declarations in this regard, even assuming that Farmers was properly served with process, the undersigned will recommend that the entry of default be set aside.

Applying the applicable legal standards set forth above, the undersigned finds that Farmers has sought relief from the entry of default in a timely fashion.  The Clerk of the Court entered default at plaintiff's request on August 9, 2005, and Farmers immediately moved to set it aside, filing its initial notice of motion and motion in this regard on August 17, 2005 -- only eight days later.

The undersigned also finds that Farmers has a meritorious defense.  As explained below with respect to the motion to dismiss, Farmers, like the other named defendants, is not subject to liability under Title III of the ADA in light of the nature of the allegations in plaintiff's amended complaint.  Under Ninth Circuit authority,

neither Farmers nor the other defendants are a "place of public accommodation" under 42 U.S.C. § 12182(a).

For these reasons, good cause exists for setting aside the default entered against Farmers. The undersigned therefore will recommend that Farmers' motion be granted.

## II.  MOTION TO DISMISS

### A.  Applicable Legal Standards

Pursuant to Federal Rule of Civil procedure 12(b)(6) a complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. Hosp. Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976). Furthermore, the court must construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). In a case where the plaintiff is pro se, the court has an obligation to construe the pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of a claim that are not pled. Pena v. Gardner, 976 F.2d

/////

4

1  469, 471 (9th Cir. 1992); <u>Ivey v. Bd. of Regents of Univ. of Alaska</u>,
2  673 F.2d 266, 268 (9th Cir. 1982).
3          <u>B.   Analysis</u>
4          This case arises from a motor vehicle accident that
5  resulted in a state court personal injury action in which plaintiff
6  Gary Ervin was the named defendant.  In that state court case, Mr.
7  Ervin, a Farmers insured, was represented by the defense firm Correll
8  & Associates.  As set forth above, Robert Brannen, James S. McWhorter
9  and Deborah Correll, all attorneys with Correll & Associates, are the
10 defendants named by plaintiff Ervin in this federal action along with
11 Farmers.
12         According to his amended complaint before this court, Mr.
13 Ervin became greatly dissatisfied with the legal representation he
14 received in state court, including but not limited to the manner in
15 which defense counsel conducted discovery and the decision to settle
16 the property damage and personal injury claims against him.
17 According to his amended complaint, Mr. Ervin suffers from Electro-
18 Impulse Cardiovascular Disease for which he allegedly was
19 discriminated against by Correll & Associates and Farmers in the
20 state court action.  Among other things, the amended complaint
21 alleges that defendants incorrectly perceived the nature of
22 plaintiff's alleged disability and maliciously characterized
23 plaintiff's heart condition as "insanity."  (Am. Compl. filed April
24 29, 2005, at 3-4.)  The amended complaint sets forth three causes of
25 action: (1) "Insurer's Concealment of Facts;" (2) "Malpractice by
26 Insurer's In-house Counsel;" and (3) "Discrimination and Retaliation

5

under the ADA." The amended complaint prays for $5 million in general damages and punitive damages.

As observed during the hearing on the motion to dismiss, the only federal claim presented by the amended complaint is the asserted claim under the ADA. While neither the amended complaint nor plaintiff Ervin's written opposition to defendants' motion specifies the nature of that ADA claim, plaintiff maintained at oral argument that the claim is properly brought under Title III of the ADA. However, as explained below, Title III of the ADA does not apply to the named defendants. Therefore, plaintiff's lone federal cause of action must be dismissed.

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Thus, the issue is whether defendants Brannen, McWhorter, Correll and Farmers are places of public accommodation. The Ninth Circuit addressed this issue in <u>Weyer v. Twentieth Century Fox Film Corp.</u>, 198 F.3d 1104 (9th Cir. 2000). In that case, a former employee brought an action alleging that her former employer and the administrator of its disability plan violated the ADA because they offered a group disability insurance policy as a fringe benefit that provided greater benefits for physical disabilities than for mental disabilities. The Ninth Circuit held that "an insurance company administering an employer-

6

provided disability policy is not a 'place of public accommodation' under Title III." Weyer, 198 F.3d at 1115.  In so holding the Ninth Circuit followed the lead of the Third and Sixth Circuits and explained, in relevant part:

> Title III provides an extensive list of "public accommodations" in § 12181(7), including such a wide variety of things as an inn, a restaurant, a theater, an auditorium, a bakery, a laundromat, a depot, a museum, a zoo, a nursery, a day care center, and a gymnasium.  All the items on this list, however, have something in common.  They are actual, physical places where goods or services are open to the public, and places where the public gets those goods or services.  The principle of *noscitur a sociis* requires that the term, "place of public accommodation," be interpreted within the context of the accompanying words, and this context suggests that some connection between the good or service complained of and an actual physical place is required.
>
> The question then is whether an insurance company, like UNUM, that administers an employer-provided disability plan is a "place of public accommodation."  Certainly, an insurance office is a place where the public generally has access.  But this case is not about such matters as ramps and elevators so that disabled people can get to the office.  The dispute in this case, over terms of a contract that the insurer markets through an employer, is not what Congress addressed in the public accommodations provisions.

Weyer, 198 F.3d at 1114 (footnote omitted).

Here, just like the situation in Weyer, the required "connection between the good or service complained of and an actual physical place" is lacking.  Id.  Plaintiff's amended complaint does not allege that he was denied access to a physical location.  This is not a case, for example, where plaintiff was denied physical access to Correll & Associates law offices or Farmers' insurance office due

7

1 to a lack of accessible parking spaces, wheelchair ramps or
2 restrooms.  Accordingly, the undersigned will recommend that
3 plaintiff's ADA claim be dismissed for failure to state a cognizable
4 claim.  See Weyer, 198 F.3d at 1115; see also Chabner v. United of
5 Omaha Life Ins. Co., 225 F.3d 1042, 1047 (9th Cir. 2000)(finding
6 insurance company administering employer-provided disability plan was
7 not "place of public accommodation" under ADA because employees
8 received benefits through employment, not through public
9 accommodation); Torres v. At&T Broadband, LLC, 158 F. Supp. 2d 1035,
10 1038 (N.D. Cal. 2001)(finding digital cable televison system which
11 failed to provide menu of available channels to visually impaired was
12 not place of public accommodation); Van Hulle v. Pacific Telesis
13 Corp., 124 F. Supp. 2d 642, 644 (N.D. Cal. 2000)(finding
14 administrator of employee health insurance benefits was not place of
15 public accommodation).
16         If this recommendation regarding the motion to dismiss is
17 adopted, only state law claims will remain.  "Under 28 U.S.C. §
18 1367(c)(3) a district court may elect, in its discretion, not to
19 exercise supplemental jurisdiction over state claims if it has
20 dismissed the original jurisdiction federal claims."  Binder v.
21 Gillespie, 184 F.3d 1059, 1066 (9th Cir. 1999)(citing Fang v. United
22 States, 140 F.3d 1238, 1241 (9th Cir. 1998) and Voight v. Savell, 70
23 F.3d 1552, 1565 (9th Cir. 1995)).  Where, as here, all federal claims
24 are dismissed before trial, the balance of relevant factors points
25 toward declining to exercise jurisdiction over the remaining state
26 law claims.  Gini v. Las Vegas Metro. Police Dep't, 40 F.3d 1041,

1046 (9th Cir. 1994); Imagineering, Inc. v. Kiewit Pac. Co., 976 F.2d 1303, 1309 (9th Cir. 1992). Under these circumstances, the undersigned will further recommend that the district court decline to exercise its supplemental jurisdiction to adjudicate plaintiff's state law claims and that those claims be dismissed without prejudice.

Finally, the undersigned realizes that defendant Farmers has not moved to dismiss plaintiff's amended complaint. However, the court "may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981); see also Omar v. Sea-Land Service, Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("Such a dismissal may be made without notice where the plaintiff cannot possible win relief."). The court's authority in this regard includes sua sponte dismissal as to both defendants who have not been served and those who have not yet answered or appeared. See Ricotta v. State of California, 4 F. Supp. 2d 961, 978 (S.D. Cal. 1998); Bach v. Mason, 190 F.R.D. 567, 571 & n.7 (D. Idaho 1999)(Garcia, J.). Here, all of the named defendants are similarly situated to the moving defendants with respect to plaintiff's amended complaint. Accordingly, dismissal as to all named defendants is appropriate at this time.

/////

/////

**III.  CONCLUSION**

For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Defendant Farmers' motion to set aside entry of default be granted;

2. Defendants' motion to dismiss for failure to state a claim be granted as to all defendants;

3. Plaintiff's causes of action under the ADA be dismissed with prejudice;[2] and

4. The remaining state law claims be dismissed without prejudice for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may

/////

/////

/////

---

[2] The undersigned has considered whether leave to amend might be appropriate.  However, in light of the nature of the deficiencies noted with respect to plaintiff's ADA claim, the undersigned finds that granting leave to amend would be futile.  <u>Schmier v. United States Court of Appeals for the Ninth Circuit</u>, 279 F.3d 817, 824 (9th Cir. 2002).

waive the right to appeal the District Court's order.  <u>See</u> <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 19, 2005.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
DDad1\orders.prose\ervin0701.f&r.default.mtd