UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

GARY ERVIN,

        Plaintiff,

   v.

FARMERS INSURANCE EXCHANGE;
ROBERT W. BRANNEN; JAMES S.
McWHORTER, DEBORAH A. CORRELL
and DOES 1 to 10,

        Defendants.

No. 2:05-cv-0701-MCE-DAD-PS

ORDER

----oo0oo----

By Order dated November 9, 2005, this Court adopted the Magistrate Judge's Findings and Recommendations and dismissed, with prejudice, Plaintiff's federal claim (premised on Defendants' alleged violations of Title III of the Americans with Disabilities Act) for failure to state a viable claim under

//

1

Federal Rule of Civil Procedure 12(b)(6).[1]  The Court further adopted the Magistrate Judge's recommendation that, having disposed of the federal claim, Plaintiff's remaining state law claims should also be dismissed, without prejudice.  Judgment was accordingly entered in favor of Defendants on November 9, 2005 and the case was closed.

Plaintiff has now filed three separate post-judgment motions seeking to amend and/or vacate that judgment.  First, he asks the Court to amend its findings under Rule 52(b) to address whether the "anti-subterfuge provisions" of 42 U.S.C. § 12201(c) in fact apply to the instant matter.  Secondly, Plaintiff similarly alleges that the judgment against him is void under Rule 60(b) for the same reason.  Finally, Plaintiff moves for rehearing under Rule 59, which provides that a new trial may be granted under specified circumstances.

Plaintiff's stated basis for the Rule 52(b) and 60(b) motions is misplaced.  42 U.S.C. § 12201(c), on its face, applies to insurance plans providing health related benefits (like policies of health, life or disability insurance), and the risks that may be considered in underwriting and/or administering such plans.  The "anti-subterfuge provisions" relied upon by Plaintiff amount simply to a recognition that carriers providing health-related benefits cannot rely upon their ability to assess health risks as an excuse or "subterfuge" to otherwise evade the purposes of Title I of the ADA, which governs disability employment rights, and Title III, dealing with disabled access to

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

2

public accommodations.

Section 12201(c) has nothing to do with Farmers' decision to settle a liability claim against a policy of automobile liability insurance like that issued by Farmers to Plaintiff herein.  As discussed at length in the Magistrate Judge's Findings and Recommendations, the fact that an insurance carrier writes policies does not transform the carrier into a "place of public accommodation" subject to Title III.[2]  (Findings and Recommendations, pp. 6-8, see Weyer v. Twentieth Century Fox Film Corp., 198 F.3d 1104, 1115 (9th Cir. 2000)).  Although such a carrier could of course be subject to the strictures of the ADA, and the anti-subterfuge provisions of § 12201(c), in its employment practices or the accessibility of its claims offices to the public, the mere issuance of a policy does not constitute a public accommodation; instead, an "actual physical place" is required.  Id. at 1114.  Here, Plaintiff has not alleged, and cannot allege under the circumstances of this case, that any such physical place is present.  In the absence of that physical place, the anti-subterfuge provisions have no application.

Plaintiff's motions under Rules 52(b) and 60(b) are accordingly DENIED because Plaintiff's reliance on 42 U.S.C. § 12201(c) in making those motions is wrong.[3]  Plaintiff's third

---

[2] Plaintiff does not allege that he is subject to Title I of the ADA, dealing with access of disabled persons to employment, since it is undisputed that he was neither an employee or prospective employee of Defendants at any time germane to this action.

[3] Plaintiff has submitted identical Requests for Judicial Notice for both his Rule 52(b) and 60(b) motions, as well as for
(continued...)

and final motion, under Rule 59, fails on its face since that Rule pertains to requests for a new trial, and here the matter was dismissed prior to any trial whatsoever. Plaintiff's Rule 59 motion[4] must hence also be DENIED.[5]

    IT IS SO ORDERED.

DATED: January 20, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[3](...continued) his Rule 59 motion, under Federal Rule of Evidence 201. Those requests essentially fall into two categories. The first pertains to documents within the Court's own file in this matter which need not be judicially noticed; the second appears to relate to various state court proceedings which allegedly pertain to the undersigned. Aside from the fact that Plaintiff has failed to attach any of the documents for which judicial notice is sought in that regard to his papers, the proceedings in question have absolutely no relevance to disposition of any of the motions presently before this Court under any circumstance. Plaintiff's Requests for Judicial Notice are accordingly denied.

[4]The Court recognizes that Plaintiff, in his Rule 59 motion, alleges that the undersigned demonstrated "racial bias and prejudice" against the Plaintiff in prior state court proceedings. While the Court need not even address those allegations given the fact that Plaintiff cannot make a viable Rule 59 motion, suffice it to say that Plaintiff's race was never an issue in this matter in any event. Moreover, the undersigned has no recollection of either Plaintiff or any prior case in which Plaintiff was involved.

[5]Because oral argument would not be of material assistance, this matter was deemed suitable for decision without oral argument. E.D. Local Rule 78-230(h).

4